IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JAY BRODSKY,                              )
                                         )
                 Plaintiff,              )
                                         )
          v.                             )    C.A. No. 19-1049 (MN)
                                         )
FIRST AMERICAN TITLE INSURANCE           )
COMPANY, et al.,                         )
                                         )
                 Defendants.             )

**<u>MEMORANDUM</u>**

At Wilmington, this 5th day of November 2019;

Plaintiff Jay Brodksy ("Plaintiff"), who resides in Great Neck, New York, filed this action on June 6, 2019.    (D.I. 2).    He appears *pro se* and has been granted leave to proceed *in forma pauperis*.    (D.I. 7).

Plaintiff alleges that his father defrauded him by transferring property they jointly owned to the Bob Brodsky Revocable Trust.    Plaintiff was alerted to the fraud following his father's death when he discovered that his father had disinherited him.    The Complaint raises numerous claims under New York law as well as a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968,

The Complaint invokes the jurisdiction of this Court by reason of diversity of citizenship of the parties, although the allegations indicate that Plaintiff and at least one Defendant are both residents of New York.    As noted above, the Complaint also raises a federal RICO claim.    Thus, jurisdiction is proper under 28 U.S.C. § 1331.    (D.I. 2).

A civil action not founded solely on diversity of citizenship is properly brought in:    "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions

giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."   28 U.S.C. § 1391(b).   The Court may transfer a case "[f]or the convenience of parties and witnesses, in the interest of justice, . . . to any other district or division where it might have been brought."   28 U.S.C. § 1404(a).   The Court may raise venue and issue a Section 1404(a) transfer order *sua sponte*.   *See e.g.*, *Amica Mut. Ins. Co. v. Fogel*, 656 F.3d 167 (3d Cir. 2011).

Here, it appears that the events giving rise to Plaintiff's claims occurred in New York and, more particularly, within the judicial district of the United States District Court for the Eastern District of New York.   The Court considers the allegations in the Complaint and finds the interests of justice favor transferring the action to the United States District Court for the Eastern District of New York, sincePlaintiff resides in this judicial district and, based upon the allegations, where it appears many of the events took place and where the witnesses are located.

For the above reasons, the Clerk of Court will be directed to transfer this action to the United States District Court for the Eastern District of New York.

A separate order shall issue.

The Honorable Maryellen Noreika
United States District Judge